UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANNE MILLER, )<br>)<br>          Plaintiff, )<br>)<br>    v. )<br>)<br>PIER 1 IMPORTS, INC., )<br>)<br>          Defendant. )<br>) | Civil Action No. 13-cv-12595 |

## NOTICE OF REMOVAL FROM STATE COURT

Pursuant to 28 U.S.C. §§1332, 1441, 1446 and 1453, the Defendant ("Pier 1") hereby gives notice of removal of Civil Action No. 2013-324 from the Barnstable Superior Court, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts.[1]

In support of this notice, Pier 1 states as follows:

---

[1] The Defendant is misnamed in the Summons, Complaint and Amended Complaint. Defendant Pier 1 Imports (U.S.), Inc. is the entity which operates the Pier 1 stores in Massachusetts. Pier 1 Imports (U.S.), Inc. directed its Massachusetts agent for service of process to accept service of the Summons, Complaint and Amended Complaint even though it was misnamed in those documents.

The ultimate parent of Pier 1 Imports (U.S.), Inc. is named Pier 1 Imports, Inc., which does not have a place of business in Massachusetts, does not operate any Pier 1 stores in Massachusetts, and is not subject to personal jurisdiction in Massachusetts. To avoid any doubt as to the validity of the removal, Pier 1 Imports, Inc. joins in this Notice of Removal, but does not consent to personal jurisdiction in Massachusetts. Cantor Fitzgerald, L.P. v. Peaslee, 88 F.3d 152, 157 n.4 (2d Cir. 1996) ("Removal does not waive any Rule 12(b) defenses.").

### A.     BACKGROUND

1.      On or about June 25, 2013, Plaintiff Anne Miller commenced a putative class action entitled <u>Miller v. Pier 1 Imports, Inc.</u>, Civil Action No. 2013-324, in the Barnstable Superior Court, Commonwealth of Massachusetts.

2.      Plaintiff did not serve the Complaint at that time and subsequently filed an Amended Complaint.

3.      On September 16, 2013, Plaintiff caused the Summons, Complaint and Amended Complaint to be delivered to the Massachusetts Resident Agent of Defendant Pier 1 Imports (U.S.), Inc.  True copies of the Summons, Complaint and Amended Complaint are attached hereto as <u>Exhibits A, B and C</u>.

4.      In her Amended Complaint, Plaintiff alleges violations of Mass. G.L.c. 93, §105, and alleges that that Pier 1 recorded her zip code on its "electronic transaction forms", in violation of that statute, when she shopped at its store(s) using a "Visa credit/debit card" (Amended Complaint ¶¶3, 12 & 13).[2]

5.      Pursuant to G.L.c. 93 §105, G.L.c. 93A, §9 and Mass. R. Civ. P. 23, Plaintiff seeks:

    A.     An order allowing this action to proceed as a class action under Mass. R. Civ. P. 23, or M.G.L. c. 93A, §9(2);

    B.     A determination that Pier 1's conduct violated M.G.L. c. 93. §105, and the privacy rights of its customers;

    C.     A determination that Pier 1's conduct constitutes unjust enrichment;

---

[2]     In her Complaint and Chapter 93A demand letter, Plaintiff alleged that she shopped using a "Visa debit card" (Complaint ¶13; Ex. A to the Amended Complaint, at p. 1).

Pier 1 denies that it wrongfully collected zip codes from Plaintiff or from the alleged plaintiff class (see, e.g., Answer ¶¶ 2, 13, 15, 16, 35, 36).

D. A determination that Pier 1's conduct constitutes a violation of M.G.L. c. 93, §§2 and 9;

E. Actual damages or minimum damages on behalf of the Plaintiff and each class member, doubled or trebled;

F. Attorney's fees and costs;

G. Damages in an amount to be proven at trial; and

H. A permanent injunction enjoining Pier 1 from requesting and recording any personal identification information from customers using a credit and/or debit card, unless such information is required by the card issuer.

(Amended Complaint Prayers for Relief ¶¶ A-H (at Amended Complaint page 7)).

**B.  GROUNDS FOR REMOVAL**

6. 28 U.S.C. §1441(a) establishes when an action commenced in state court is removable, providing in relevant part that:

> any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

7. This Court's subject matter jurisdiction and Pier 1's basis for removal are grounded upon diversity of citizenship. See 28 U.S.C. §1332(d), as amended by the Class Action Fairness Act of 2005 ("CAFA").

8. CAFA provides for federal subject matter jurisdiction over any class action in which the matter in controversy exceeds the sum or value of $5,000,000, the aggregate number of putative class members in all proposed plaintiff classes is at least 100, and any member of a class of plaintiffs is a citizen of a different state from any defendant. 28 U.S.C. §§1332(d)(2) and (5).

9. CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing

an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §1332(d)(1)(B). CAFA also requires that "the number of members of all proposed plaintiff classes in the aggregate" be 100 or greater. 28 U.S.C. §1332(d)(5)(B).

10. In the present action, Plaintiff describes the class she purports to represent as follows:

> herself and all other persons in Massachusetts, who, in the past four years:
>
> (a) made a purchase at a Pier 1 store in Massachusetts, using a credit and/or debit card;
>
> (b) provided their zip code, or other personal identification information at the point of sale; and
>
> (c) their zip code was recorded by Pier 1.

(Amended Complaint ¶18).

11. Pier 1 denies that Plaintiff has identified a viable class or subclasses, or that Plaintiff is an adequate representative of her putative class or subclasses. Nevertheless, Pier 1 has preliminarily reviewed its records and determined that the number of individuals who made a purchase at a Pier 1 store in Massachusetts using a debit and/or credit card since June 2009 exceeds 200,000. See Affidavit of Don Kinnison ("Kinnison Aff.") ¶6, attached hereto as Exhibit D.

12. Thus, **the number of putative class members exceeds the jurisdictional threshold of at least 100.**

13. CAFA provides that "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §1332(d)(6).

14. Potential treble damages count towards meeting the threshold. See Youtsey v. Avibank Manufacturing, Inc., 734 F. Supp. 2d 230, 238 (D. Mass. 2010).

15. Where, as here, "the complaint does not contain specific damages allegations," the party seeking removal must show a "reasonable probability" that more than $5 million is "at stake" in the case at the time of removal. Amoche v. Guarantee Trust Life Ins. Co., 556 F.3d 41, 43, 50 (1st Cir. 2009). In assessing whether there is a reasonable probability that the $5 million threshold has been met, "a federal court may consider which party has better access to the relevant information." Id. at 51.

16. Pursuant to G.L.c. 93A, §9, Plaintiff seeks actual damages, or statutory damages of twenty-five dollars, doubled or trebled, as well as costs and attorneys' fees (Amended Complaint Prayers for Relief ¶¶ E-G (at Amended Complaint page 7)).

17. With the number of potential class members greater than 200,000 (Kinnison Aff., ¶6), if the Court was to determine following trial that each member of the plaintiff class is entitled to an award of statutory damages of twenty-five dollars, the total damage award would be greater than $5,000,000. Thus, there is a reasonable probability that **the amount in controversy exceeds the $5,000,000 jurisdictional threshold.**

18. Under CAFA, minimal diversity exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2)(A).

19. Plaintiff alleges that she resides in Massachusetts (Amended Complaint ¶8). For diversity purposes, a person is a "citizen" of the state in which she is domiciled, and residence is prima facie evidence of domicile.

20. Pier 1 Imports (U.S.), Inc. is a Delaware corporation having its principal place of business in Fort Worth, Texas. Its ultimate parent company, Pier 1 Imports, Inc., is also a Delaware corporation having its principal place of business in Fort Worth, Texas (Kinnison Aff.

- 5 -

AM 24456346.3

¶3). Accordingly, for removal purposes, Pier 1 is a citizen of the states of Delaware and Texas. See 28 U.S.C. §§1332(c), (d)(10).

21. Because at least one plaintiff in this putative class action is a citizen of a state different from Pier 1, diversity of citizenship exists under 28 U.S.C. §1332(d)(2)(A) and **the required minimal diversity exists.**

22. It is Plaintiff's burden to demonstrate that any of the CAFA-based exceptions to federal jurisdiction apply. See, e.g., In re Hannaford Bros. Co. Customer Data Security Breach Litig., 564 F.3d 75, 78 (1st Cir. 2009); Manson v. GMAC Mortgage, LLC, 602 F. Supp. 2d 289, 294-95 (D. Mass. 2009).

23. Plaintiff's Complaint was originally filed in Massachusetts. Pier 1 is not a citizen of Massachusetts, nor was it a citizen of Massachusetts when Plaintiff's Complaint was filed. For this reason, among others, Plaintiff will be unable to show that either the "home-state controversy" or "local controversy" exceptions to CAFA apply. See 28 U.S.C. §§1332(d)(4)(A), (B). Thus, **Plaintiff will be unable to meet her burden of proving that any of the CAFA exceptions apply.**[3]

    **C.    REMOVAL IS TIMELY AND ALL PROCEDURES FOR REMOVAL HAVE BEEN FOLLOWED**

24. 28 U.S.C. §1446 establishes the time frames and procedures for proper removal of an action. In particular, 28 U.S.C. §1446(b)(1) provides that:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .

---

[3] Pier 1 reserves the right to brief any issues relating to CAFA exceptions should Plaintiff maintain, on a motion to remand, that such exceptions apply.

25. The "time to remove is triggered by simultaneous service of the summons and complaint". <u>Murphy Brothers, Inc. v. Michetti Pipestringing, Inc.</u>, 526 U.S. 344, 347-48 (1999). In this case service of process occurred on September 16, 2013, when Plaintiff caused the Summons, Complaint and Amended Complaint to be delivered to the Massachusetts Resident Agent of Defendant Pier 1 Imports (U.S.), Inc. Thus, **this Notice of Removal has been timely filed** "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." 28 U.S.C. §1446(b)(1).

26. All adverse parties to this action have been provided with written notice of the filing of this removal, <u>see</u> 28 U.S.C. §1446(d), as evidenced by the Certificate of Service below.

27. Pursuant to 28 U.S.C. §1446(b), Pier 1 will cause to be filed with the Barnstable Superior Court a copy of this Notice of Removal promptly after filing in this Court.

WHEREFORE, Defendant respectfully requests that this action be removed from the Barnstable Superior Court, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts.

Respectfully submitted,

Dated: October 15, 2013

/s/ Jamie C. Notman
Sander A. Rikleen – BBO #420280
Mark E. Schreiber – BBO #447120
Jamie C. Notman – BBO# 675597
EDWARDS WILDMAN PALMER LLP
111 Huntington Avenue
Boston, Massachusetts 02199
Ph: (617) 239-0100
Fx: (617) 227-4420
SRikleen@edwardswildman.com
MSchreiber@edwardswildman.com
JNotman@edwardswildman.com

`Case 1:13-cv-12595-GAO   Document 1   Filed 10/15/13   Page 8 of 8`

Michael J. Burns (To be admitted pro hac vice)
SEYFARTH SHAW LLP
560 Mission Street, Suite 3100
San Francisco, CA 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549
mburns@seyfarth.com

Katherine E. Perrelli – BBO# 459820
Erik W. Weibust – BBO# 663270
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone: (617) 946-4800
Facsimile: (617) 946-4801
kperrelli@seyfarth.com
eweibust@seyfarth.com

Counsel for Defendant Pier 1 Imports (U.S.), Inc. and Pier 1 Imports, Inc.

## CERTIFICATE OF SERVICE

I, Jamie C. Notman, hereby certify that on October 15, 2013, I served the above document upon the Plaintiff by mailing a true copy thereof, first class mail, postage prepaid, to her counsel of record.

/s/ Jamie C. Notman